**WAMPLER BROTHERS COAL COMPANY, Petitioner,**

v.

**Dudley STEWART; Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

No. 01–3745.

United States Court of Appeals, Sixth Circuit.

May 5, 2003.

Before RYAN and BATCHELDER, Circuit Judges; and TARNOW, District Judge.*

### ORDER

Wampler Brothers Coal Co. (Wampler), a coal mine operator, petitions through counsel for review of an en banc order of the Benefits Review Board which affirmed an administrative law judge's decision awarding benefits to a former employee of Wampler under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45. The parties have not requested oral argument, and this panel unanimously agrees that oral argument is not necessary in this case. Fed. R.App. P. 34(a).

Dudley Stewart, a former coal miner, applied for black lung benefits in 1973, while he was still working. In 1979, through an administrative processing error, he was erroneously informed that he had been found entitled to benefits. Stewart quit his job and collected benefits until 1982, when the error was discovered. Proceeding pro se, Stewart appealed the reversal of the award, but waived a hearing before an administrative law judge (ALJ). He also returned to coal mine employment with Wampler from 1986 to 1990. In 1990, the ALJ denied his claim, finding that Stewart had fifteen years of coal mine employment through 1979, but had not established either the existence of pneumoconiosis or that he was totally disabled.

Stewart filed a new claim for benefits in 1993. A hearing was held before an ALJ, who determined that Stewart had nearly four more years of coal mine employment which had not been presented in the record before the prior ALJ, and had established a material change in condition, in that the physicians' opinions now showed that Stewart was suffering from pneumoconiosis. The ALJ found the other elements of entitlement established as well, and awarded benefits. Wampler appealed to the Benefits Review Board (BRB), which affirmed in part and vacated and remanded in part. On remand, the ALJ again awarded benefits. Wampler appealed to the BRB, which again affirmed in

---

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

part and vacated and remanded in part. On the second remand, the ALJ again awarded benefits, and denied the motion for reconsideration filed by Wampler. Wampler again appealed to the BRB. Oral argument was heard before the en banc BRB, which issued an order affirming the award of benefits. Wampler's motion for reconsideration was denied, and this petition for review followed. Wampler argues that, in order to establish a material change in condition, the new evidence has to be qualitatively different from the evidence submitted with the original claim. Wampler also argues that the ALJ in this case erroneously applied an automatic preference for the treating physician's opinion, and that treating physicians' opinions should never be entitled to greater weight.

This court reviews a decision of an ALJ in a black lung claim to determine whether it is supported by substantial evidence and in accordance with the applicable law. *Y. & O. Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir.1995).

The regulations governing black lung claims at 20 C.F.R. § 725.309 provide relief from the ordinary principles of finality and res judicata to a miner whose physical condition deteriorates due to the progressive nature of black lung disease. *Sharondale Corp. v. Ross*, 42 F.3d 993, 997 (6th Cir.1994). Under this provision, a miner may file a new claim for benefits more than one year after an earlier claim was denied. As this court explained in *Ross*, in such a case the ALJ should examine the new evidence, and if it is determined that the new evidence proves one of the elements of entitlement that was previously adjudicated against the miner, a material change of condition is established, and the ALJ must then examine all of the evidence, submitted with the new claim and the earlier claim, to determine whether the

miner is entitled to benefits. *Id.* at 997–98. If the new evidence does not establish one of the elements of entitlement previously adjudicated against the miner, the ALJ need not examine or discuss the evidence submitted with the earlier claim, but can deny the duplicate claim for failure to establish a material change in condition. In the instant case, the ALJ found that new evidence from the miner's treating physician established that he had developed pneumoconiosis since the denial of the earlier claim. On the first remand, the ALJ then compared the new evidence of the treating physician's opinion with that of the only physician who had failed to diagnose pneumoconiosis in the earlier claim. The ALJ found the new evidence of the treating physician's opinion entitled to more weight than the earlier opinion, because the treating physician saw the miner every few months rather than for just one examination, and his treatment postdated the other physician's examination by six years. He also found the treating physician's opinion well-explained in his deposition, where he discussed the fact that the miner consistently has a respiratory rate at rest of twice normal, has a cough and wheezing, and cannot complete a pulmonary function test because he becomes dizzy from lack of oxygen. The treating physician also explained that no other basis for the miner's respiratory disability was apparent, as he had no smoking history and no heart disease, but had a long history of very dusty coal mine employment. The treating physician also discussed his treatment, including breathing medication, inhalers, and a home nebulizer which the miner uses several times a day to force medicine into his lungs so that he will not have to go to the emergency room for shortness of breath.

Wampler relies on language in *Ross* at 999, where this court remanded the case for further discussion of the X-ray evi-

dence. In that case, the ALJ employed the former "true doubt" rule to find a material change of condition established by X-ray evidence of pneumoconiosis, although the new claim contained both positive and negative X-rays, as the earlier claim had done. The court found the discussion of the X-ray evidence in that case insufficient to establish the existence of pneumoconiosis, because the ALJ did not discuss how the new X-ray evidence was "qualitatively different." On the contrary, in this case, on the first remand, the ALJ expressly compared the physician's opinion evidence on which the finding of a material change in condition had been based with the physicians' opinion evidence presented with the earlier claim, and gave proper reasons for affording the new evidence greater weight. This analysis is also in accordance with this court's decision in *Tenn. Consol. Coal Co. v. Kirk*, 264 F.3d 602 (6th Cir.2001), cited by Wampler. This court held in that case that the ALJ must compare the old and new evidence to determine whether a worsening of the miner's condition was established, prior to awarding benefits. *Id.* at 609. The ALJ in the instant case did perform this analysis. Thus, Wampler has not shown that the ALJ's decision is not in accordance with the law.

Wampler's second argument is that the ALJ erroneously applied an automatic presumption that a treating physician's opinion is entitled to greater weight. Wampler argues that a treating physician's opinion should categorically not be entitled to more weight than any other physician's opinion. This court has previously rejected both of these positions. *Wolf Creek Collieries v. Director, OWCP*, 298 F.3d 511, 521–22 (6th Cir.2002). Wampler fails to show that an automatic presumption was applied in this case. The ALJ cited several reasons for finding the treating physician's opinion persuasive and well-reasoned. Wampler's disagreement with the proposition that a physician who sees a patient on a regular basis may have more insight into the patient's condition than a physician who only examines the patient once is not persuasive, given this court's holding to the contrary. *Tussey v. Island Creek Coal Co.*, 982 F.2d 1036, 1042 (6th Cir.1993).

In summary, the ALJ's decision in this case is supported by substantial evidence and in accordance with the applicable law. Therefore, the petition for review is denied.